UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL R. EVANS and ) | |
| SHERI EVANS, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Cause No.: 2:12-CV-186-TLS-PRC |
| ) | |
| DART TRANSIT COMPANY and ) | |
| JACK R. WEBSTER, ) | |
|     Defendants. ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiffs' Motion for Sanctions [DE 25], filed on July 2, 2013. Defendants filed a response on August 7, 2013, and Plaintiffs filed a reply on August 14, 2013. Plaintiffs' sole request is that the Court enter default judgment against Defendants. On July 10, 2013, District Court Judge Theresa Springmann entered an Order [DE 30] referring this matter to the undersigned Magistrate Judge for a report and recommendation on this motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

**I. Background**

This is a personal injury case involving an accident between a motorcycle and a semi-truck. The case is still in the discovery phase, and Plaintiffs seek sanctions against Defendants for persistent failures to turn over relevant non-privileged documents and to present a qualified corporate representative for deposition.

Plaintiffs filed written discovery requests on July 19, 2012. The deadline for Defendants to respond was August 17, 2012. They did not do so. Plaintiffs contend that they made several

unsuccessful attempts to solve this problem with Defendants out of court before filing a motion to compel, which this Court granted at a February 28, 2013 motion hearing. The Court ordered Defendants to respond to written discovery by March 5, 2013. Defendants did not meet this deadline, but filed written responses on March 7, 2013, and on March 14, 2013. (Defendants explain that their lateness is excusable since Defendant Webster is an over-the-road trucker and was unavailable before the deadline.) Plaintiffs contend that these responses were incomplete.

Plaintiffs nevertheless took Defendants' depositions on April 26, 2013, and on April 30, 2013. During these depositions, additional written discovery deficiencies came to light: (1) drawings of the scene of the accident that Defendant Webster sketched immediately after the crash; and (2) text messages related to the crash. The drawings were handed over at the deposition and the text messages produced about a month later. Defendants' counsel claims that he erroneously thought the drawings were privileged and did not produce the text messages "due to an inadvertent oversight."

Following the depositions, Plaintiffs' counsel tried without success to get in touch with Defendants' counsel, eventually sending a fax outlining the remaining deficiencies in Defendants' discovery responses. Defendants' counsel responded with an email one month later (apparently after discovering new documents at Dart's Texas Headquarters) with some documents, promising that more would be forthcoming, albeit on a rolling basis. Defendants' counsel did not furnish Plaintiffs with any reasons for this delay. Plaintiffs also contend that several document requests still remain unanswered. Defendants contend that all of these failures were accidental, pointing to the enormous volume of documents Plaintiffs asked for and the over 100 hours Defendants' counsel has spent responding to discovery.

In addition to these failures to respond to written discovery, Plaintiffs also contend that

Defendant Dart Transport Company's representative, Thomas Anthony Mosley, was unable to answer a number of important questions about Dart Transport, despite those areas being flagged in Plaintiffs' Federal Rule of Civil Procedure 30 notice.

Defendants also have never provided a privilege log as required by Rule 26, though the parties agreed that no privilege log for attorney–client communications was necessary.

## II. Analysis

Plaintiffs ask for an entry of default judgment against Defendants because of their persistent failures throughout the discovery process. District courts have inherent authority to sanction parties who fail to comply with court orders. *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A] federal court has the inherent power to sanction for conduct which abuses the judicial process." (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))). Entering default judgment is one such available sanction. *Id.* Federal Rule of Civil Procedure 37 also grants federal courts authority to sanction parties who do not comply with the court's orders regarding discovery. Fed. R. Civ. P. 37(b)–(f). Rule 37 likewise lists default judgment as one available sanction. *Id.*

The United States Court of Appeals for the Seventh Circuit has recognized two slightly different standards for figuring out whether dismissal is appropriate. *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). For cases in which there has been want of prosecution or failure to comply with a court order, the standard is "a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Id.* (citing *Williams v. Chic. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *Schilling v. Walworth Cnty. Park & Planning Comm'n*, 805 F.2d 272, 278 (7th Cir. 1986)). Under Federal Rule of Civil Procedure 37, the standard for dismissal is a finding by the court of "willfulness, bad faith or fault" by clear and convincing evidence. *Id.* (citing *In re*

3

*Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1046 (7th Cir. 2000)); *but see Ridge Chrysler Jeep, LLC v. DaimlerChrysler Fin. Servs. Americas LLC*, 516 F.3d 623, 625 (7th Cir. 2008) (speculating that *Maynard* might be wrong in requiring a heightened burden of proof). As in *Maynard*, the Motion for Sanctions before the Court involves only Rule 37 violations. *Maynard*, 332 F.3d at 468 n. 2. The Court accordingly applies only that standard of review. *Id.*

The Court finds that Defendants have not complied with this Court's February 28, 2013 bench order and that the deposition of Mr. Mosley fell short of the requirements of Rule 37. But while Defendants' lack of assiduity has slowed down this case in a way that is costly, annoying, and unfair to Plaintiffs, this Court does not think these violations justify ending the case at this time. Default judgment is a drastic sanction. *Evans v. City of Chicago*, 513 F.3d 735, 743 (7th Cir. 2003); *Rice v. City of Chicago*, 333 F.3d 780, 785–6 (7th Cir. 2003). This circuit "has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). Indeed, it is an "extreme sanction that should be used only as a last resort." *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011).

Taken in context, Defendants' failures—though significant—are a small part of discovery in this case. The record before the Court does not reveal any evidence that Defendants were willfully disregarding this Court's orders or acting in bad faith. And while Plaintiffs have shown Defendants to be at fault in some sense, they have not shown enough to justify the "extreme sanction" of default judgment. *See Robinson*, 412 F. App'x at 877.

## III. Conclusion

It is nevertheless high time that Defendants complete what they should have done months ago. The Court thus **RECOMMENDS** that Judge Springmann grant Plaintiffs' Motion for Sanctions [DE 25] but with relief different than requested, ordering Defendants to turn over written discovery by December 31, 2013, turn over a written privilege log (excluding attorney–client communications) by December 31, 2013, make Dart Witness Gary Volkman available in northwest Indiana at Dart's expense for a Rule 30(b)(6) deposition, and make every effort to help Plaintiffs find former Dart employees who might have knowledge about the topics listed in Plaintiffs' Rule 30(b)(6) notice. Finally, this Court **RECOMMENDS** that Judge Springmann warn Defendants that future failures to comply with the Court's orders will not be treated as gently.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–61 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 4th day of December, 2013.

    s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record