UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MICHAEL R. EVANS and<br>SHERI EVANS,<br>    Plaintiffs, | )<br>)<br>)<br>) | |
| v. | ) | Cause No.: 2:12-CV-186-TLS-PRC |
| DART TRANSIT COMPANY and<br>JACK R. WEBSTER,<br>    Defendants. | )<br>)<br>)<br>) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiff's Renewed Motion for Sanctions [DE 46], filed on February 19, 2014. It became fully briefed on March 18, 2014. On February 26, 2014, District Court Judge Theresa Springmann entered an Order [DE 48] referring this matter to the undersigned Magistrate Judge for a report and recommendation on this motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(c).

**I. Background**

This case has been embroiled in discovery disputes for a long time. On December 31, 2012, Plaintiffs filed a Motion to Compel discovery, which this Court granted on February 28, 2013. Defendants did not comply with this Order, and Plaintiffs filed a Motion for Sanctions on July 2, 2013. The Court granted the motion, but, in lieu of an entry of default judgment (the only requested sanction), Defendants were ordered to turn over written discovery, to make Dart witness Gary Volkman available (at Dart's expense) for a Rule 30(b)(6) deposition, and to make every effort to help Plaintiffs find former Dart employees who might have knowledge about the topics listed in

Plaintiff's Rule 30(b)(6) notice of deposition. The Court also warned Defendants that future failures might incur more severe sanctions.

## II. Analysis

Plaintiffs contend that Defendants have not fully complied with the Court's Order on the previous Motion for Sanctions. Having reviewed the exhibits provided by the parties, the Court finds Defendants' responses inadequate in four respects.

The most egregious failure is found in a lengthy set of disclosures of information about driver performance. This information was disclosed in the form of printouts of a spreadsheet. The format of the printout, however, cuts off significant portions of the text and makes other parts illegible. Defendants have not supplemented this material even after being asked by Plaintiffs.

Second, Defendants have not produced a number of requested training materials, stating that they will disclose these materials when and if they find them. Discovery has been going on for a long time already, and Plaintiffs need to know if this material is available or not. (Presumably, if it isn't, Plaintiffs could file supplementary requests for whatever *current* training materials Defendants can find.)

Third, it also appears that Defendants have not fully complied with Plaintiffs' requests for contact information for former employees.

Finally, these deficiencies have put Plaintiffs in a position where they cannot conduct a meaningful deposition of Dart representative Gary Volkman.

In light of these failures, Plaintiffs ask the Court to sanction Defendants under Federal Rule of Civil Procedure 37 by granting an entry of default judgment against them. Under Rule 37, the standard for dismissal is a finding by the court of "willfulness, bad faith or fault" by clear and

convincing evidence. *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (citing *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1046 (7th Cir. 2000)). This circuit "has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). Indeed, default judgment is an "extreme sanction that should be used only as a last resort." *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011).

The failures detailed above are the most recent instances of Defendants' dallying. However, there is not clear and convincing evidence that these failures proceeded from willfulness, bad faith, or fault. These failures, while irritating and costly, do not justify the extreme sanction of default judgment.

### III. Conclusion

In light of this, the undersigned Magistrate Judge **RECOMMENDS** that Judge Springmann grant Plaintiffs' Motion for Sanctions [DE 47] but with relief different than requested, awarding Plaintiffs all costs and attorney fees associated with the litigation of this motion only (i.e., not the earlier motions leading up to this point). The Court **RECOMMENDS** that Judge Springmann order Plaintiffs' attorneys to file an affidavit by June 27, 2014, detailing the fees and costs incurred in resolving this issue.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either

3

the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–61 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 23rd day of May, 2014.

       s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record