# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MICHAEL R. EVANS and SHERI EVANS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO.: 2:12-cv-186-TLS ) |
| DART TRANSIT COMPANY and JACK R. WEBSTER, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

This matter is before the Court on a Renewed Motion for Sanctions [ECF No. 46] filed by Plaintiffs Michael R. Evans and Sheri Evans on February 19, 2014. The Plaintiffs filed a Memorandum in Support [ECF No. 47] on February 19, 2014. The Defendants, Dart Transit Company and Jack R. Webster, filed a Response [ECF No. 52] on March 10, 2014. The Plaintiffs filed their Reply [ECF No. 53] on March 18, 2014.

On February 26, 2014, the Court issued an Order [ECF No. 48] referring this case to Magistrate Judge Paul R. Cherry to review the motion and briefing as to the sanction request and to issue a report and recommendation on the same, pursuant to 28 U.S.C. § 636(b) and Local Rule 72-1. On May 23, 2014, Judge Cherry filed his Findings, Report, and Recommendation [ECF No. 54] in which he recommended that the Court grant the Plaintiffs' Motion for Sanctions but with relief different than requested, awarding Plaintiffs all costs and attorney fees associated with the litigation of the instant motion only. The Defendants filed a Motion for Review and Objections to the Findings, Report, and Recommendation of United State Magistrate [ECF No. 56] on June 6, 2014. The Plaintiffs filed their own Objection to Recommendation of United

States Magistrate Judge [ECF No. 57] on June 9, 2014. The Plaintiffs' Motion for Sanctions and the parties' objections to the Magistrate Judge's Findings, Report, and Recommendation are ripe for ruling.

**STANDARD OF REVIEW**

In accordance with the Federal Magistrate's Act, as amended, 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72(b), and Local Rule 72-1, a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, including dispositive motions, and the magistrate judge must enter a recommended disposition, including any proposed findings of fact. The parties then have fourteen days after being served with a copy of the recommended disposition to file written objections to the proposed findings and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs.*, 9 F.3d 1263, 1266 (7th Cir. 1993). The district judge must look at all the evidence contained in the record and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); *Harlyn*, 9 F.3d at 1266.

**DISCUSSION**

This case has been embroiled in discovery disputes for a long time. The Plaintiffs' filed a Motion to Compel discovery on December 31, 2012, which this Court granted on February 28, 2013. On July 2, 2013, the Plaintiffs' filed a Motion for Sanctions after the Defendants failed to comply with this Order. On January 2, 2014, this Court granted the Motion for Sanctions but

rather than enter a default judgment as to liability (as requested) the Court ordered the Defendants to turn over written discovery, to make Dart witness Gary Volkman available (at Dart's expense) for a Rule 30(b)(6) deposition, and to make every effort to help the Plaintiffs find former Dart employees who might have knowledge about the topics listed in Plaintiffs' Rule 30(b)(6) notice of deposition.

The motion presently before the Court is the Plaintiffs' second or Renewed Motion for Sanctions in which the Plaintiffs argue that the Defendants have not fully complied with the Court's Order compelling discovery on the previous motions for sanctions, that the Defendants' responses to discovery requests are incomplete and evasive, and that the Defendants have not complied with the Federal Rules of Civil Procedure and this Court's Orders regarding discovery. In particular, the Plaintiffs allege that Defendant Dart has failed to produce a number of requested training materials, outlines, and videos. The Plaintiffs also claim that Defendant Dart produced a lengthy set of disclosures of information on driver performance comprising Bates Nos. 884–914, but that the documents are illegible and cannot be deciphered because the data fields from the printout cut off significant portions of the text. Finally, the Plaintiffs argue the Defendants have not fully complied with the Plaintiffs' requests for contact information of former employees and that these deficiencies have put the Plaintiffs in a position where they cannot conduct a meaningful deposition of Dart representative Gary Volkman.

For their part, the Defendants assert that they have complied with the Court's Orders regarding discovery and argue that the Motion for Sanctions should be denied. In response to the Plaintiffs' concern about the illegibility of the driver performance records, the Defendants argue that they have produced computer data records in print form in the manner in which they can be conveyed and that the Plaintiffs have not explained how the substance of the information cannot

be determined. Noting that the Defendants have not supplemented this material even after being asked by the Plaintiffs, the Magistrate Judge found this to be the Defendants' 'most egregious failure." (Report and Recommendation, ECF No. 54 at 2.) Defendant Dart also argues that it is seeking to confirm the training videos that were part of Defendant Webster's training and that it will provide the video(s) upon confirmation. The Defendants make the same argument concerning the ETP training materials, in that they are seeking to confirm the materials used to train Defendant Webster, and that they would produce any, if discovered. On this point, Plaintiffs' counsel asked in a letter dated January 13, 2014, that the Defendants produce current copies of the training videos if earlier versions were not available. To date, no videos or training materials have been produced.

The Magistrate Judge found the Defendants' responses to discovery deficient in four respects. First, that the disclosure of driver performance records in the form of a printout from a spreadsheet that cut off portions of text was inadequate. Second, that the Defendants have not produced a number of requested training materials. Although he noted that the Defendants stated they would disclose the materials when and if they find (or confirm) them, the Magistrate Judge correctly pointed out that discovery has been going on for a long time and that the Plaintiffs need to know if this material is available to proceed either with the training materials used at the time or to make a supplementary request for the current training materials. Third, that the Defendants have not fully complied with the Plaintiffs' request for contact information for former employees. Finally, that these deficiencies place the Plaintiffs in a position where they cannot conduct a meaningful deposition of Dart representative Gary Volkman.

The Plaintiffs ask the Court to enter a default judgment on the issue of liability against the Defendants, arguing that the continued and willful failure to comply with discovery and this

Court's prior orders merits such a remedy. Under Rule 37, the standard for dismissal is a finding by the court of "willfulness, bad faith or fault" by clear and convincing evidence. *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (citing *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *cf. In re Rimsat, Ltd.*, 212 F.3d 1039, 1046 (7th Cir. 2000)). This circuit "has a well-established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). Indeed, default judgment is an "extreme sanction that should be used only as a last resort." *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011).

Although the Magistrate Judge noted the failures detailed above as "the most recent instances of the Defendants' dallying," he found a lack of clear and convincing evidence that these failures proceeded from willfulness, bad faith, or fault. (Report 3, ECF No. 54.) Therefore, while acknowledging that these failures are "irritating and costly," the Magistrate Judge determined that they did not justify the extreme sanction of default judgment, and instead recommended that the Court grant the Plaintiffs' Motion for Sanctions with relief different than requested; namely, an award of all costs and attorney fees associated with the litigation of the instant motion for sanctions (and not the earlier motions leading up to this point). In their objection to the Magistrate Judge's recommendation, the Plaintiffs' contend this sanction is insufficient to remedy the Defendants' repeated improper conduct throughout the discovery process, argue that the Defendants' continued failure to comply with discovery was willful, and ask the Court to enter default judgment as to liability against the Defendants and award attorney's fees and costs. Alternatively, if the Court determines that an entry of default judgment

5

is not warranted, the Plaintiffs' ask for an order requiring Defendants to provide all of the outstanding discovery within ten days, and for attorney's fees and costs.

In their objection to the Report and Recommendation, the Defendants renew their arguments that they have complied with the Court's Order concerning discovery. They assert that the substance of the information can be determined from the driver performance records in their current form; that the training videos (and other materials), which are updated annually, would be provided upon their confirmation; that the Plaintiffs' January 13, 2014, request for current training materials in lieu of those used at the time for Defendant Webster is a different request, that they have provided the last known contact information for their former employees,[1] and that they have made Mr. Volkman available for a deposition.

Upon de novo review of the arguments presented by the parties, the Court agrees with and will adopt the findings and recommendation of the Magistrate Judge, which are incorporated by reference. The Plaintiffs assert that the Defendants' responses to discovery requests have been incomplete and evasive, thereby preventing them from receiving the meaningful discovery necessary to proceed with this case. Despite the Defendants' arguments that they have sufficiently complied with discovery, the Court agrees with the Plaintiff that there has not been meaningful discovery in this case and that sanctions are appropriate, although with different relief than the Plaintiffs request. The discovery disputes in this case have gone on for an extended duration, and it is time for the parties to produce meaningful discovery so that this case can proceed to a trial on the merits.

## CONCLUSION

---

[1] The Plaintiffs argue that the Defendants disclosures on this point are insufficient because for two former employees only their addresses are provided even though the Defendants agreed to make efforts to obtain additional identifying information, such as phone numbers.

For the foregoing reasons, the Court OVERRULES Plaintiffs' Objection to Recommendation of United States Magistrate Judge [ECF No. 57], OVERRULES Defendants' Motion for Review and Objections to the Findings, Report, and Recommendation of United State Magistrate [ECF No. 56], ADOPTS the Magistrate Judge's Report and Recommendation [ECF No. 54], and GRANTS the Plaintiffs' Motion for Sanctions [ECF No. 46]. The Plaintiff will be AWARDED all reasonable costs and attorney's fees associated with the litigation of the instant motion only (i.e., not the earlier motions leading up to this point), and DIRECTS Plaintiffs' counsel to file an affidavit detailing the fees and costs in resolving this issue on or before August 29, 2014, for review by the Magistrate Judge. The Defendants are ORDERED to disclose the driver performance records in a form that is legible and does not cut off portions of the text, to produce the requested training materials, and to fully comply with the request for the contact information of former employees so that the Plaintiffs can conduct a meaningful deposition, allowing this case to move forward to trial on the merits. The deadline for compliance by the Defendants with this discovery disclosure is September 11, 2014.

SO ORDERED on August 11, 2014.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION