# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| MICHAEL R. EVANS and SHERI EVANS, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:12-CV-186-JVB-PRC |
| | ) | |
| DART TRANSIT COMPANY and | ) | |
| JACK R. WEBSTER, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Bar Expert Testimony [DE 74], filed by Plaintiffs Michael R. Evans and Sheri Evans on February 28, 2015; Defendants' Motion for Modification of the Scheduling Order [DE 81], filed by Defendants Dart Transit Company and Jack R. Webster on March 18, 2015; and Defendants' Motion for Leave to Re-Depose Plaintiff, Michael Evans [DE 85], filed by Defendants on April 13, 2015. All three motions are ripe for ruling.

## BACKGROUND

On May 7, 2012, Plaintiffs Michael R. Evans and Sheri Evans filed a Complaint against Defendants Dart Transit Company and Jack R. Webster arising out of an incident that occurred on March 21, 2012, between Mr. Evans, who was driving a motorcycle, and Mr. Webster, who was driving a tractor-trailer displayed with Defendant Dart Transit Company's logo. On July 12, 2012, the Court issued a scheduling order, which included a discovery deadline of May 17, 2013, a deadline for Plaintiffs' expert witness disclosures and reports of February 15, 2013, and a deadline for Defendants' expert witness disclosures and reports of March 15, 2013.

On February 28, 2013, the Court extended the deadlines for Plaintiffs' expert disclosures and reports to July 31, 2013, and Defendants' expert witness disclosures and reports to August 30, 2013. On July 12, 2013, the Court granted Plaintiffs' request for an extension to disclose expert reports

to October 1, 2013. Defendants' deadline was not extended. Defendants did not serve Plaintiffs with any Rule 26(a)(2) expert disclosures by their August 30, 2013 deadline. On October 1, 2013, Plaintiffs disclosed their retained experts and produced their reports. On November 13, 2013, the Court extended the discovery deadline to December 31, 2013, on Defendants' motion.

On December 30, 2013, the day before the close of discovery, Defendants took the Plaintiffs' depositions. At his deposition, Mr. Evans testified that his injuries were not resolved and that they were still producing pain, especially in his neck. Defendants did not request the deposition of any treating physician, did not depose Plaintiffs' experts, and did not seek medical records through subpoena or the authorizations executed by Plaintiffs. In contrast, on twelve occasions during this litigation, Plaintiffs provided Defendants with supplements regarding ongoing medical treatment pursuant to Federal Rule of Civil Procedure 26(e).

In January 2014, on referral from Dr. Thompkins, Mr. Evans' neurosurgeon at Lakeshore Bone & Joint Institute, Mr. Evans began treatment with Dr. Cristea, a neurologist at the Neurological Institute and Specialty Centers; that treatment continues today.

In November 2014, Judge Springmann ordered a trial setting of June 9, 2015, with the final pretrial conference set for May 22, 2015.

On January 20, 2015, Plaintiffs took the Rule 30(b)(6) deposition of the Dart Transit representative. The delay in taking the deposition was caused by Defendants.

On February 5, 2015, and February 26, 2015, Plaintiffs served Rule 26(e) supplements.

On February 28, 2015, Plaintiffs preemptively filed the instant Motion to Bar Expert Testimony under Federal Rule of Civil Procedure 37(c). Plaintiffs ask the Court to bar Defendants from presenting any expert testimony, whether from retained experts or otherwise, at the trial in this

matter because Defendants failed to make expert witness disclosures by their August 30, 2013 deadline.

On March 3, 2015, new counsel entered their appearances for Defendants, and on March 4, 2015, Defendants' former attorney withdrew his appearance.

On March 11, 2015, Plaintiffs again supplemented their discovery disclosures, informing Defendants of a March 9, 2015 diagnosis of Complex Regional Pain Syndrome (CRPS)/Reflex Sympathetic Dystrophy Syndrome (RSDS). Plaintiffs represent that, after several rounds of testing and conservative treatment, on March 9, 2015, Dr. Teodori, also at the Neurological Institute, formally made the diagnosis.[1] In correspondence dated March 12, 2015, Plaintiffs' counsel summarized the conventional treatment for CRPS, including recent studies that support spinal cord stimulation as a preferred treatment modality. The correspondence indicates that spinal cord stimulation involves a major surgical procedure costing approximately $80,000, which must be repeated every three to five years. Counsel also estimates that Mr. Evans' pain medication costs approximately $200 per month and that he has approximately four to five medical management visits per year.

On March 18, 2015, Defendants filed the instant Motion for Modification of the Scheduling Order. Defendants ask the Court for the opportunity to disclose and use expert witnesses at trial, seeking leave to disclose a medical expert to "counter the changing conditions and diagnoses of Mr. Evans" and a motorcycle operations expert to address liability. In addition, Defendants seek leave to redepose Mr. Evans in relation to the recent diagnosis of CRPS/RSDS.

---

[1] Dr. Teodori's report has not been submitted to the Court. In support of the response in opposition to the Motion to Exclude, Defendants include an email from Plaintiffs' counsel that describes the diagnosis of Dr. Teodori as "CRPS/RSD." In their brief, Defendants identify the diagnosis as Reflex Sympathetic Dystrophy Syndrome (RSDS). In their reply brief, Plaintiffs identify the new diagnosis as Complex Regional Pain Syndrome (CRPS).

On March 23, 2015, without leave of Court, Defendants disclosed a medical expert. Similarly, on March 30, 2015, without leave of Court, Defendants disclosed a liability expert.

Defendants represent that, on April 2, 2015, Plaintiffs' counsel revealed that Mr. Evans is no longer capable of working in his employment as a produce manager at Ultra Foods, allegedly as a result of his changing medical condition. Defendants further represent that this statement comes two and half years after Mr. Evans returned to full-time employment after the March 2012 incident.

On April 3, 2015, Defendants filed the instant Motion for Leave to Re-Depose Plaintiff, Michael Evans.

On April 30, 2015, Judge Springmann vacated the trial setting on the Court's own motion, referred this matter to the undersigned Magistrate Judge to resolve all non-dispositive motions, and transferred the case to Judge Joseph S. Van Bokkelen. On May 7, 2015, Judge Van Bokkelen set this matter for a jury trial for September 9, 2015, with a final pretrial conference on August 6, 2015.

## ANALYSIS

Federal Rule of Civil Procedure 26(a)(2) requires the disclosure of any expert witness that may be called to testify at trial. Rule 26(a)(2)(B) requires that the party serve the expert's written report. Finally, Rule 26(a)(2)(D) requires that the disclosures under 26(a)(2)(B) must be made at the time and in the sequence ordered by the Court. In this case, the deadline for Defendants' expert witness disclosures and reports was August 30, 2013.

The Court begins by considering Defendants' Motion for Modification of the Scheduling Order. Under Federal Rule of Civil Procedure 16(b)(4), a party must show "good cause" for the modification of a court's scheduling order. Similarly, Federal Rule of Civil Procedure 6(b)(1)(B) requires a showing of "good cause" to extend a deadline before it expires. *See Adams v. City of*

*Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). The good cause standard focuses on the diligence of the party seeking the extension of time, requiring a showing that, despite the party's diligence, the time table could not reasonably have been met. *Smith v. Howe Military Sch.*, No. 3:96-cv-790, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

However, when the motion to extend is filed after the deadline expires, the moving party must make a showing of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Adams*, 742 F.3d at 734. The United States Supreme Court held that the analysis of "excusable neglect" is an equitable consideration, which should account for the circumstances surrounding the belated filing, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted within good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation omitted); *see also Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997). Further, the United States Court of Appeals for the Seventh Circuit found that "inattentiveness to the litigation is not excusable" and that "[m]issing a filing deadline because of slumber is fatal." *Matter of Plunkett*, 82 F.3d 738, 742 (7th Cir. 1996).

As for Defendants' request to disclose a liability expert, Defendants have offered no explanation why such an expert could not have been disclosed prior to the August 30, 2013 deadline, much less attempted to show either good cause or excusable neglect for the extension of the expert disclosure deadline for a liability expert. The failure of Defendants, until the recent appearance of new counsel, to diligently pursue discovery is apparent from the record of discovery motions, court

orders, and sanctions in this case. And, the appearance of new counsel is not a justification for reopening discovery that could have been performed by prior counsel. *Burton v. Gray*, No. 3:11-cv-26, 2012WL 279643, at *2 (N.D. Ind. Jan. 30, 2012) ("There is no principle that each new attorney for a litigant must have an independent opportunity to conduct discovery." (quoting *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996))). Accordingly, the Court denies Defendants' request to extend the expert disclosure deadline to disclose a liability expert.

The Court next considers Defendants' request to disclose a medical expert. Defendants again do not attempt to show good cause or excusable neglect for not disclosing a medical expert prior to the August 30, 2013 deadline based on the discovery conducted at that point. Similarly, Defendants do not offer an explanation for why they did not seek an extension of the expert witness disclosure deadline for the eighteen and a half months between August 30, 2013, and March 18, 2015, given Plaintiffs' Rule 26(e) supplements regarding Mr. Evans' ongoing medical treatment.

However, the Court finds that Defendants have shown good cause for requesting an extension of the expert witness disclosure deadline solely as to Mr. Evans's recent March 9, 2015 diagnosis of CRPS/RSDS by Dr. Teodori. No amount of diligence on the part of Defendants could have discovered the diagnosis until it was disclosed on March 11, 2015. Similarly, Defendants have shown excusable neglect: Defendants would be prejudiced without an ability to conduct discovery on this new diagnosis, Defendants requested the expert discovery within a short time after the disclosure was made by Plaintiffs; and the delay was outside the control of Defendants. Accordingly, the Court grants Defendants' Motion for Modification of the Scheduling Order solely to allow Defendants to disclose medical expert witnesses on the issue of the March 9, 2015 diagnosis of CRPS/RSDS by Dr. Teodori, including its impact on Mr. Evans' ability to work. The Court clarifies

that Defendants are not granted leave to disclose medical expert witnesses on the entire course of Mr. Evans' treatment.

Finally, the Court finds that Defendants have shown good cause and excusable neglect for an extension of the discovery deadline solely to redepose Mr. Evans only on the issues of his recent diagnosis of CRPS/RSDS and the disclosure that he is no longer able to work in his employment at Ultra Foods. Defendants have not shown good cause to reopen Mr. Evans deposition on any other ground. Therefore, the Court grants Defendants' Motion for Modification of the Scheduling Order to extend the discovery deadline solely for this limited purpose.

Next, the Court turns to Plaintiffs' Motion to Bar Expert Testimony, which was filed before Defendants filed their Motion for Modification of the Scheduling Order, before the March 9, 2015 diagnosis of CRPS/RSDS, and before Defendants indicated their desire to disclose expert witnesses. Federal Rule of Civil Procedure 37(c)(1) provides that a party who fails to disclose information required by Rule 26(a)(2) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Failure to comply with the disclosure requirements of Rule 26(a) results in automatic and mandatory exclusion of the proffered witness 'unless the failure was substantially justified or is harmless.'" *Novak v. Bd. of Trs. of S. Ill. Univ.*, 777 F.3d 966, 972 (7th Cir. 2015) (quoting Fed. R. Civ. P. 37(c)(1)). This determination is in the broad discretion of the court. *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 901-02 (7th Cir. 2007).

Because the Court has extended the deadline for limited medical expert witness disclosures regarding the March 9, 2015 diagnosis, Rule 37(c)(1) is inapplicable as to those disclosures, and the Court denies Plaintiffs' Motion to Bar Expert Testimony to the extent the Court grants Defendants'

Motion for Modification of the Scheduling Order to disclose expert witnesses.

Conversely, the Court grants Plaintiffs' Motion to Bar Expert Testimony to the extent the Court denies Defendants' Motion for Modification of the Scheduling Order because the failure to disclose any other medical expert witness, liability expert witness, or non-retained expert by the August 30, 2013 deadline is not substantially justified or harmless.

Defendants have made no attempt to argue that their delay in identifying medical expert witnesses (other than the narrow exception identified by the Court) or liability expert witnesses is substantially justified. Thus, the Court turns to the question of whether the delay is harmless and finds that it is not, having considered several factors including prejudice or surprise, the ability to cure the prejudice, the likelihood of disruption of the trial, and the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *See Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012).

Because the trial in this case was reset on the Court's own motion, additional time has recently been made available that was not available during the course of briefing the instant motions. This additional time allows for the limited medical expert witness discovery related to the March 9, 2015 diagnosis. But, Plaintiffs would be prejudiced if the Court were to allow the disclosure of other medical experts and liability experts requested by Defendants. Even though the trial has been reset, the final pretrial conference is still less than three months away. Plaintiffs, who were diligent throughout the discovery process and who have continued to make Rule 26(e) supplemental disclosures, would be prejudiced in planning their strategy for trial. Along with the additional discovery Plaintiffs will now have to do on the limited medical expert the Court is allowing, Plaintiffs would have to undertake significant additional discovery for the other expert witnesses

sought by Defendants. Plaintiffs have been waiting for three years for a resolution to this case. Any prejudice to Defendants is of their own making based on their conduct during discovery. As noted earlier, Defendants conducted very little discovery, choosing not to depose any of Mr. Evans' treating physicians/therapists or to seek medical records notwithstanding the authorizations provided by Plaintiffs.

Any prejudice to Defendants regarding the March 9, 2015 diagnosis has been cured by allowing the limited medical expert witness disclosure. Contrary to Defendants' suggestion that Plaintiffs should somehow be penalized for continuing to supplement Plaintiffs' discovery responses with Mr. Evans' ongoing medical treatment, Plaintiffs supplementation shows an understanding of and compliance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(e).

Because the Court is barring Defendants from using any expert testimony other than the medical expert testimony on the narrow issue of the recent March 9, 2015 diagnosis, Defendants are barred from using the expert reports served on Plaintiffs on March 23, 2015 and March 30, 2015.

Finally, the Court considers Defendants' Motion to Re-Depose Mr. Evans. Federal Rule of Civil Procedure 30 provides that a party must obtain leave of court to take the deposition if the deponent has already been deposed in the case. Fed. R. Civ. P. 30(a)(2)(A)(ii). However, the Court must grant leave to the extent consistent with Federal Rule of Civil Procedure 26(b)(2), which requires the Court to limit the frequency or extent of discovery otherwise allowed by the rules if the Court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit,

considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

In this case, the Court grants Defendants' request to redepose Mr. Evans but only on the limited issues of his recent March 9, 2015 diagnosis of CRPS/RSDS and his ability to continue in his employment at Ultra Foods. To the extent Defendants are requesting to reopen Mr. Evans' deposition without restriction, the Court denies the motion. For example, Defendants may not depose Mr. Evans on topics covered in his initial deposition, on issues related to liability, on the events of the occurrence, or on his ongoing medical treatment up to the time of the new diagnosis. These topics are cumulative or duplicative, or Defendants had an opportunity to obtain the information during discovery but chose not to.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiffs' Motion to Bar Expert Testimony [DE 74], **GRANTS in part** and **DENIES in Part** Defendants' Motion for Modification of the Scheduling Order [DE 81], and **GRANTS in part** and **DENIES in part** Defendants' Motion for Leave to Re-Depose Plaintiff, Michael Evans [DE 85].

The Court **ORDERS** that the deadline for Defendants to disclose medical expert witness(es) solely on the issue of Mr. Evans' March 9, 2015 diagnosis of CRPS/RSDS by Dr. Teodori, including its impact on Mr. Evans' ability to work, is extended to **May 27, 2015**. The deadline for Plaintiffs to serve an expert rebuttal report is set for **June 24, 2015**. The deadline to complete expert discovery on this limited issue is extended to **July 8, 2015**. The deadline to file Daubert Motions is **July 22, 2015**, with responses due **August 5, 2015**, and replies due **August 12, 2015**.

The Court **ORDERS** that the discovery deadline is extended to **June 10, 2015**, solely to allow Defendants to re-depose Mr. Evans on the limited issues of his March 9, 2015 diagnosis of CRPS/RSDS by Dr. Teodori and the recent revelation that he is no longer able to work as a produce manager at Ultra Foods.

The Court **ORDERS** that Defendants are barred from using the expert witness reports served on March 23, 2015, and March 30, 2015.

So ORDERED this 14th day of May, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT