## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| MICHAEL R. EVANS and | ) |
| SHERI EVANS, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CAUSE NO.: 2:12-CV-186-JVB-PRC |
| | ) |
| DART TRANSIT COMPANY and | ) |
| JACK R. WEBSTER, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Physical Examination of Michael Evans [DE 94], filed on June 1, 2015. Plaintiffs filed a response on June 3, 2015, and Defendants filed a reply on June 5, 2015.

This case has been pending for over three years. Discovery closed on December 31, 2013. Throughout discovery, Defendants chose not to depose any of Mr. Evans' treating physicians or any of Plaintiffs' experts. Defendants did not obtain Mr. Evans' medical records through subpoena or authorizations executed and provided to Defendants by Plaintiffs. However, on March 18, 2015, shortly after new counsel appeared for Defendants, Defendants filed a motion to modify scheduling order to allow them to disclose both medical and liability experts. On March 23, 2015, Defendants attempted to disclose a medical expert without first being granted leave of Court. On April 13, 2015, Defendants filed a motion requesting leave to redepose Mr. Evans on all issues. On May 14, 2015, the Court issued an order denying Defendants' request to disclose a liability expert and to disclose medical experts generally but granting them the limited opportunity to disclose medical experts only on the issue of Mr. Evans' recent CRPS diagnosis as well as the impact of the diagnosis on Mr. Evans' ability to work. The Court further permitted Defendants to redepose Mr. Evans but only on the limited issue of his CRPS diagnosis and inability to work.

As a result of that order, the deadline for Defendant to disclose the limited medical expert was extended to May 27, 2015. The deadline for Plaintiffs to disclose rebuttal experts was set for June 24, 2015, and the deadline to complete expert discovery was extended to July 8, 2015. The discovery deadline was extended to June 10, 2015, for the sole purpose of Defendants redeposing Mr. Evans. Daubert motions must be filed by July 22, 2015. The final pretrial conference is set for August 6, 2015, and the jury trial is set for September 9, 2015.

On May 27, 2015, Defendants timely disclosed two medical experts, one of whom is Joshua Prager, M.D., providing an expert report for each.

In the instant motion, Defendants ask the Court for an order requiring that Mr. Evans submit to a physical examination by Dr. Prager related to the recent diagnosis of CRPS. Pursuant to Rule 35(a)(2)(B), Defendants describe the scope of the examination identified by Dr. Prager as a "routine history and physical examination including focused aspects of neurological examination with special attention to the signs and symptoms" of CRPS. Defendants also propose a time and place for the examination. In support, Defendants attach an unsworn declaration of Dr. Prager dated May 27, 2015,[1] which does not comply with the requirements of 28 U.S.C. § 1746. Although the declaration provides that it was "declared under penalty of perjury," there is no statement that "the foregoing is true and correct" as required by the statute. *See* 28 U.S.C. § 1746.

Federal Rule of Civil Procedure 35 permits a physical examination and provides in relevant part:

> **(a) Order for an Examination.**
> **(1) *In General.*** The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to

---

[1] The declaration is dated May 27, 2014. The Court presumes that this is a typographical error given that it appears that Dr. Prager was not retained until May 2015.

> a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>
> **(2) *Motion and Notice; Contents of the Order.*** The order:
> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a)(1), (2). Thus, Defendants must show that Mr. Evans' physical condition is in controversy and that there is good cause for the physical examination. *See Schlagenhauf v. Holder*, 379 U.S. 104 (1964). Plaintiffs do not dispute that Mr. Evans' physical condition is in controversy, but they argue that Defendants have not shown good cause for the examination. They also argue that the motion is untimely. The Court agrees.

First, the motion is untimely. Although styled as a motion for physical examination, the motion implicitly requests an extension of the discovery deadline as well, as Rule 35 examinations are a discovery device. *Briesacher v. AMG Res., Inc.*, No. 2:03-CV-331, 2005 WL 2105908, at *2 (N.D. Ind. Aug. 31, 2005) (citing *Schlagenhauf*, 379 U.S. at 117). As set forth in the Court's May 14, 2015 Order, when a motion to extend is filed after the deadline expires, the moving party must show not only good cause but also excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The United States Supreme Court held that the analysis of "excusable neglect" is an equitable consideration, which should account for the circumstances surrounding the belated filing, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted within good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation omitted); *see also Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997).

3

The Court recognizes that Defendants could not have requested the Rule 35 examination in relation to the diagnosis of CRPS prior to the close of discovery on December 31, 2013, because Defendants did not learn of the February 2015 diagnosis until March 11, 2015. Nevertheless, it was not until five days after the extended expert disclosure deadline of May 27, 2015, that Defendants indicated the need for a Rule 35 examination. Plaintiffs represent that, at no time prior to June 1, 2015, did Defendants inform them that Defendants wished to conduct a physical examination of Mr. Evans. None of Defendants' recent discovery motions that led to the extension of the expert disclosure deadline and the limited extension of the discovery deadline mentioned the need for a physical examination. In fact, Defendants' May 27, 2015 expert witness disclosures themselves are silent on the issue and nowhere indicate that the experts required or would otherwise benefit from a physical examination of Mr. Evans to render their opinions.

Defendants offer no explanation why they did not request the examination before their experts issued their reports. If the Court were to allow the examination on July 16, 2015, as requested, or even earlier, all of the remaining case management deadlines, including the trial setting would be in jeopardy, all to the prejudice of Plaintiffs. Similarly, the judicial proceedings would be adversely impacted. An examination by Dr. Prager would necessarily result in a supplemental report. Plaintiffs' deadline for rebuttal expert disclosures is June 24, 2015, the deadline for expert discovery is July 8, 2015, and the Daubert motion deadline is July 22, 2015. These deadlines would need to be extended, which would prejudice Plaintiffs' ability to prepare for the September 2015 trial, and would likely necessitate another continuance of the trial setting. Any prejudice to Defendants stemming from the inability to conduct a Rule 35 physical examination of Mr. Evans is of their own making as a result of the delay.

For many of the same reasons, Defendants have not shown good cause, which, under Rule 35, requires a greater showing of need than the relevancy already indicated by Rule 26(b) and must be gauged on a case-by-case basis by the ability of the movant to obtain the desired information by other means. *See Heath v. Isenegger*, No. 2:10 CV 175, 2011 WL 2610394, at *1 (N.D. Ind. July 1, 2011) (citing *Schlagenhauf*, 379 U.S. at 118). Defendants argue that good cause exists to order the physical examination because Defendants have used other discovery procedures prior to seeking the examination on this recently disclosed diagnosis of CRPS. *See Anson v. Fickel*, 110 F.R.D. 184, 186 (N.D. Ind. 1986). Defendants reason that Dr. Prager reviewed all the medical records and timely issued an opinion disagreeing with the diagnosis of Dr. Cristea but that Dr. Prager has identified value in conducting his own physical examination of Mr. Evans to supplement his review of the records. Yet, Dr. Prager issued an expert report containing his opinions regarding the CRPS diagnosis without conducting, or even requesting, a physical examination. That Dr. Prager now finds it preferable to personally examine Mr. Evans does not constitute good cause for allowing the examination.

Based on the foregoing, the Court hereby **DENIES** Defendants' Motion for Physical Examination of Michael Evans [DE 94].

SO ORDERED this 9th day of June, 2015.

                                                   s/ Paul R. Cherry  
                                                MAGISTRATE JUDGE PAUL R. CHERRY  
                                                UNITED STATES DISTRICT COURT